IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRCT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| VINCENT EALOM, | ) CASE NO. 1:24-CV-00891-JDG |
| Plaintiff | ) |
| | ) |
| vs. | ) MAGISTRATE JUDGE |
| | ) JONATHAN D. GREENBERG |
| UNIVERSITY CIRCLE POLICE | ) |
| DEPARTMENT, *et al.*, | ) |
| | ) **MEMORANDUM OF OPINION &** |
| Defendants. | ) **ORDER** |
| | ) |

This matter is before the Court on consent of the parties pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1. (Doc. No. 9.) Before the Court is a Motion for Summary Judgment filed by Defendants University Circle Police Department, Jamey Hoffman, and Jacob Lockhart (collectively, the "UCPD Defendants"). (Doc. No. 20.) Plaintiff filed a Brief in Opposition (Doc. No. 29) and the UCPD Defendants filed a Reply. (Doc. No. 32.)

For the following reasons, the Court GRANTS UCPD Defendants' Motion for Summary Judgment and dismisses all claims[1] with prejudice.

---

[1] After considering judicial economy, convenience, and fairness to the litigants, the Court is exercising supplemental jurisdiction over the state law claims because the claims derive from a common nucleus of operative fact, and the claims are such that they would be expected to be tried in one judicial proceeding. *Basista Holdings, LLC v. Ellsworth Twp.*, 710 F. App'x 688, 693 (6th Cir. 2017); *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997); 28 U.S.C. § 1367(a)).

1

## I.    FACTUAL BACKGROUND

On the evening of October 2, 2022, Plaintiff, Vincent Ealom ("Plaintiff" or "Ealom") was arrested. (Doc. No. 1-3, Pl. Compl. ¶ 1.) Ealom observed people following him so he ran to Judson Park because he knew there was a security guard. (Doc. No. 25-1, Ealom Dep. Tr. at 24, 27.) Ealom had never been to Judson Park before October 2, 2022. (*Id*. at 31.) Judson Park has two sets of doors. (*Id*. at 34-35.) Ealom entered the first set of doors, which opened automatically. (*Id*. at 72.) Ealom tried to enter the facility by prying open the second set of sliding doors. (Doc. No. 24, Tr. of Crim. Proceedings at 134.) Ealom was "knocking on there hard" to gain entry. (Doc. No. 25-1, Ealom Dep. Tr. at 35.) James Hairston ("Hairston"), the security guard at the lobby desk, allowed Ealom into the building. (Doc. No. 24, Tr. of Crim. Proceedings at 135.) Upon entry, Ealom told Hairston someone was chasing him. (*Id*. at 134.) Hairston did not see anyone behind Ealom. (*Id*. at 135.)

Once inside, Ealom's erratic behavior and his attempt to access the facility elevators that led to the residents, prompted Judson Park's employees to ask Ealom to leave the facility multiple times. (Doc. No. 20-3 at 6:40; Doc. No. 24, Tr. of Crim. Proceedings, pp. 134-39.) Ealom refused to leave and again attempted to access the elevator leading to residential areas. (Doc. No. 20-3, at 7:00.) Judson Park's security officers, Hairston and Glover Roston ("Roston"), restrained Ealom until police arrived. (*Id*. at 9:00-16:23.) Ealom testified that he was punched, elbowed, choked, and laid on by Judson Park security, causing him to lose consciousness. (Doc. No. 25-1, Ealom Dep. Tr. at 85-86.) University Circle police arrived and evaluated the situation. (Doc. No. 24, Tr. of Crim. Proceedings, pp. 196-97.) The police handcuffed Ealom, and at his request, transported him to the emergency room via ambulance for minor injuries. (Doc. No. 1-3, ¶ 3.)

## II. PROCEDURAL BACKGROUND

A Cuyahoga County Grand Jury indicted Ealom on four counts: aggravated burglary (R.C. § 2911.11(A)(1)); burglary (R.C. § 2911.12(A)(1)); burglary (R.C. § 2911.12(B)); and criminal damaging (R.C. § 2909.06(A)(1)). (Doc. No. 25-3.) On April 13, 2023, Ealom went to trail on the four counts. (Doc. No. 1-3, ¶ 7.) The jury found him not guilty of one count of burglary and the court acquitted Ealom of the remaining counts pursuant to Rule 29 of the Ohio Rules of Criminal Procedure. (*Id*.)

On April 10, 2024, Plaintiff filed a Complaint in the Cuyahoga County Court of Common Pleas, alleging Count One: Malicious Prosecution, Count Two: 42 U.S.C. § 1983 (hereinafter, "Section 1983") for violation of Plaintiff's First, Fourth, and Fourteenth Amendment rights, and Count Three: Respondeat Superior. (Doc. No. 1-3.) Because Plaintiff asserted federal claims, Defendants removed the case to this Court on May 20, 2024. (Doc. No. 1.) On June 20, 2024, pursuant to 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties consented to the jurisdiction of the undersigned Magistrate Judge. (Doc. Nos. 8, 9.) On January 10, 2025, the UCPD Defendants filed a Motion for Summary Judgment. (Doc. No. 20.) On February 10, 2025, Plaintiff filed his Brief in Opposition to the UCPD Defendants' Motion. (Doc. No. 29.) On February 21, 2025, the UCPD Defendants filed a Reply in Support of their Motion for Summary Judgment. (Doc. No. 32.)

## III. LAW AND ANALYSIS

### A. Standard of Review

Summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed.R.Civ.P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed.R.Civ.P. 56(c)(1)(A), (B).

      A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548; *Lansing Dairy*, 39 F.3d at 1347. This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52, 106 S.Ct. 2505).

**B.     Analysis**

   **1.  Sui Juris**

In their Motion for Summary Judgment, the UCPD Defendants assert the University Circle Police Department is not *sui juris* and therefore cannot sue or be sued, so the police department should be dismissed from this action. (Doc. No. 20-1 at p. 4.) In his Brief in Opposition, Ealom failed to address the UCPD Defendants' argument that the University Circle Police Department is *sui juris*. (*See* Doc. No. 29.) In their Reply Brief, the UCPD Defendants point out that Ealom failed to respond to their *sui juris* argument. (Doc. No. 32-1 at p. 4.)

UCPD Defendants are correct that police departments are not *sui juris*. *Marshall v. Toledo Police Dep't*, No. 3:23 CV 2054, 2024 WL 3819624, at *2–3 (N.D. Ohio Aug. 14, 2024); *see Lawson v. City of Youngstown*, 912 F. Supp. 2d 527, 531 (N.D. Ohio 2012) (collecting cases and holding that Ohio courts and police departments are not *sui juris* for purposes of suit under § 1983); *see also Tysinger v. Police Dep't of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006) ("We note at the outset that the named defendant in this action, the Police Department of the City of Zanesville, is not a juridical entity subject to suit under Ohio law."); *Lloyd v. City of Streetsboro*, 2018 WL 11298664, at *3 (6th Cir.) ("We have held that, under Ohio law, sheriff's and police departments are not entities capable of being sued under § 1983.").

Courts routinely grant police departments' motions for summary judgment on this basis. *Marshall,* 2024 WL 3819624, at *2. *See, e.g.*, *Greenlee v. City of Cleveland*, 2005 WL 2249920, at *7 (N.D. Ohio) ("As Defendants properly noted in their summary judgment motion, police departments are not *sui juris* entities – that is, they are not capable of being sued as a matter of law. . . . Plaintiff made no response to this argument in her reply nor offered any evidence in response to Defendants' motion. Therefore, the Court

5

grants the motion for summary judgment by Defendants Cleveland Police Department and City of Cleveland Police-First District."); *Mason v. Holmes*, 2014 WL 696418, at *11 (N.D. Ohio) (granting summary judgment to police department because "[a] municipal police department is an administrative unit of a local government and as such is not sui juris because it lacks the power to sue, and cannot be sued absent positive statutory authority. . . .The Warren PD is *sui juris* and Plaintiff cites to no express statutory authority allowing the Warren PD to be sued.").

Here, Ealom sued University Circle Police Department and has not presented any response or opposition to UCPD Defendants' Motion for Summary Judgment on this basis. The Court finds Defendant, University Circle Police Department, is not *sui juris* and thus entitled to summary judgment on all claims against it.

**2. Claims Pursuant to 42 U.S.C. § 1983**

In his Complaint, Ealom asserts that his First, Fourth, and Fourteenth Amendment rights were violated. (Doc. No. 1-3, at p. 7.) Ealom claims he was denied "constitutional rights to freedom of speech, freedom of association, freedom from false prosecution, protected under the first, fourth, and fourteenth amendments to the United States Constitution." (*Id*. at ¶ 12) Ealom alleges:

> Defendants are liable under 42 U.S.C. section 1983 for their deprivation and violation of plaintiff's first, fourth and fourteenth amendment rights. During the unjust and unconstitutional prosecution of plaintiff, defendants acted to deny plaintiff his right to free speech, right to free association, right to be free from prosecution without probable cause, and the right to not be subjected to malicious misconduct on the part of the defendants.

(*Id*. at ¶ 14.)

In their Motion for Summary Judgment, the UCPD Defendants argue Ealom cannot prove that he suffered a constitutional violation. (Doc. No. 20-1, at 8-9.) They claim his freedom of speech claim fails

6

because he was not engaged in protected speech and probable cause existed. (*Id*. at 9-10.) The UCPD Defendants assert the Fourth Amendment "false prosecution" claim fails because probable cause was conclusively established by the indictment. (*Id*. at 10-11.) The UCPD Defendants claim Ealom cannot prove any elements of a freedom of expressive association claim because he cannot prove he is part of a group entitled to protection, that the government action in question burdened the group's expression, or that his right of expressive association outweighs the government's interest in the restriction. (*Id*. at 11-13.)

In his Brief in Opposition, Ealom argues the UCPD Defendants are not entitled to summary judgment on his Section 1983 claim because there is a genuine issue of material fact as to whether Ealom was arrested and prosecuted without probable cause and whether he suffered an unconstitutional seizure of his person and loss of his freedom. (Doc. No. 29 at pp.8-9.)

In their Reply Brief, the UCPD Defendants assert Ealom's Section 1983 claims fail because he did not suffer a constitutional violation. (Doc. No. 32-1, at p. 4.) They claim his freedom of speech claim fails because he cannot prove any elements, and he failed to address this claim in his Brief in Opposition. (*Id*. at 5.) They claim Ealom's false prosecution claim fails because probable cause existed, and because Ealom offered no evidence to support his claim. (*Id*. at 6-7.) They argue Ealom's freedom of association claim fails because he cannot prove the elements, offered no evidence to support his claim, and failed to provide any analysis of this claim. (*Id*. at 7-8.)

Under Section 1983, a plaintiff must show that he was deprived of a right secured by the Constitution or federal law, by someone acting "under color of state law." 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Chapman v. Higbee Co.,* 319 F.3d 825, 833 (6th

7

Cir.2003) (*en banc*); *Searcy v. City of Dayton,* 38 F.3d 282, 286 (6th Cir.1994); *Wolotsky v. Huhn,* 960 F.2d 1331, 1335 (6th Cir.1992).

### a. Freedom of Speech

The First Amendment prohibits government officials from retaliating against individuals for engaging in protected speech. *Lozman v. City of Riviera Beach*, 585 U.S. 87, 90 138 S. Ct. 1945, 201 L. Ed. 2d 342 (2018); *Crawford-El v. Britton*, 523 U.S. 574, 592, 118 S. Ct. 1584, 140 L. Ed. 2d 757 (1998). To state a claim of official retaliation for the exercise of First Amendment rights, "a plaintiff must show that (1) he was participating in a constitutionally protected activity; (2) defendant's action injured plaintiff in a way likely to chill a person of ordinary firmness from further participation in that activity; and (3) in part, plaintiff's constitutionally protected activity motivated defendant's adverse action." *Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 467 (N.D. Ohio 2012); *Center for Bio–Ethical Reform, Inc. v. City of Springboro,* 477 F.3d 807, 821 (6th Cir.2007) (quoting *Bloch v. Ribar,* 156 F.3d 673, 678 (6th Cir.1998)). For claims of retaliatory inducement of prosecution or retaliatory arrest, a plaintiff must also plead and prove that the prosecution was not supported by probable cause. *Ghaster v. City of Rocky River*, 913 F. Supp. 2d at 467, citing *Hartman,* 547 U.S. at 265–66, 126 S.Ct. 1695; *see also Nieves v. Bartlett,* 587 U.S. 391, 406, 139 S. Ct. 1715, 1727, 204 L. Ed. 2d 1 (2019); *Barnes v. Wright,* 449 F.3d 709, 719 (6th Cir.2006). Probable cause will generally defeat a retaliatory arrest claim. *Nieves*, 587 U.S. at 406.

Here, Ealom failed to present evidence to support his freedom of speech claim. He offered no evidence that he engaged in protected speech, that UCPD Defendants injured him in a way to chill a person of ordinary firmness from participating in further protected speech, and he failed to provide evidence showing his protected speech motivated alleged adverse action by UCPD. In fact, he did not address his

8

freedom of speech claim or respond to UCPD Defendants' arguments regarding his free speech claim in his Brief in Opposition. (*See* Doc. No. 29.) Moreover, there is no genuine dispute regarding probable cause. The grand jury indictment conclusively establishes probable cause. *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006), citing *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002)("the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause"); *Webb v. United States*, 789 F.3d 647, 660 (6th Cir. 2015); *Martin v. Maurer*, 581 Fed. Appx. 509, 511 (6th Cir. 2014).

The burden falls upon Ealom to "designate specific facts or evidence in dispute". *Anderson,* 477 U.S. at 249-50. Ealom has not done this. Ealom's failure "to make the necessary showing on an element upon which [he] has the burden of proof," requires granting summary judgment in UCPD Defendants favor. Ealom's freedom of speech claim fails as a matter of law. Therefore, the Court GRANTS UCPD Defendants' Motion for Summary Judgment as to the First Amendment free speech claim.

### b. False Prosecution[2]

The Sixth Circuit recognizes a constitutional claim of malicious prosecution under the Fourth Amendment, encompassing wrongful investigation, prosecution, conviction, and incarceration. *Barnes v. Wright,* 449 F.3d 709, 715–16 (6th Cir.2006). "The 'tort of malicious prosecution' is 'entirely distinct' from that of false arrest, as the malicious-prosecution tort 'remedies detention accompanied not by absence of legal process, but by *wrongful institution* of legal process.'" *Sykes v. Anderson,* 625 F.3d 294, 309 (6th

---

[2] Plaintiff refers to a claim of "false prosecution" in his Complaint. (See Doc. No. 1-3, at 7.) The Court recognizes this claim as a federal malicious prosecution claim.

9

Cir.2010) (quoting *Wallace v. Kato,* 549 U.S. 384, 390, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007)) (emphasis in original).

To succeed on a malicious-prosecution claim pursuant to Section 1983, a plaintiff must prove the following: (1) the defendant made, influenced, or participated in the decision to prosecute the plaintiff; (2) there was no probable cause for the criminal prosecution; (3) as a consequence of the legal proceedings, the plaintiff suffered a deprivation of liberty apart from the initial arrest; and (4) the criminal proceeding was resolved in the plaintiff's favor. *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015), citing *Sykes*, 625 F.3d at 308-09.

The first two elements are at issue in this case. Here, Ealom offered no evidence that the arresting officers "made, influenced, or participated in the decision to prosecute the plaintiff."

Ealom cites one case, *King v Harwood*, 852 F.3d 568 (6th Cir. 2017), in support of his contention that the grand jury indictment is "not dispositive of the issue of probable cause." (Doc. No. 29, at p. 7.) *King* is not instructive here. In *King*, Harwood, an investigator assigned to the case, allegedly gave false testimony before the grand jury, offered misleading evidence, and withheld exculpatory evidence. *King*, 852 F.3d at 575. King was indicted on the same day as the grand jury hearing. *Id*. King entered an *Alford* plea,[3] and she was sentenced to ten years in prison. *Id.* She was subsequently exonerated after someone confessed and eventually filed suit against Harwood and others for malicious prosecution pursuant to Section 1983. *Id*. at

---

[3] "[A]n '*Alford* plea' refers to a defendant who pleaded guilty but maintained that [she] is innocent." *Carr v. Louisville-Jefferson Cnty.*, 37 F.4th 389, 391 at fn. 1 (6th Cir. 2022), quoting *United States v. Tunning*, 69 F.3d 107, 110 (6th Cir. 1995); *see North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

576. The *King* Court found there were genuine issues of material fact as to whether Harwood knowingly or recklessly set her prosecution in motion despite the absence of probable cause. *Id*. at 582-83.

The facts in this case are different and distinct from *King*. Here, there is no evidence, or even allegation, that the arresting officers in this case made the decision to prosecute Ealom, nor did they provide misleading or false testimony at the grand jury hearing. As discussed, "the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause." *Higgason*, 288 F.3d at 877. Since there is no evidence to the contrary, the indictment of Ealom was "fair upon its face" and the hearing was free from false statements made by the officers involved, unlike the indictment in *King*. Therefore, there is no genuine issue of material fact that probable cause was conclusively established pursuant to the indictment. Ealom's Fourth Amendment malicious prosecution claim fails as a matter of law. The UCPD Defendants' Motion for Summary Judgment is GRANTED as to the federal malicious prosecution claim.

### c. Freedom of Association

"Freedom of association is not an enumerated constitutional right, but arises as a necessary attendant to the Bill of Rights' protection of individual liberty interests." *Johnson v. City of Cincinnati,* 310 F.3d 484, 498 (6th Cir.2002) (citing *Roberts v. United States Jaycees,* 468 U.S. 609, 617–18, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984)). "The Supreme Court has identified two forms of constitutionally protected rights falling under the umbrella of the freedom of association: (1) 'freedom of intimate association,' and (2) 'freedom of expressive association.'" *Martin v. Clark*, No. 3:10 CV 1500, 2010 WL 4256030, at *3–4 (N.D. Ohio Oct. 21, 2010), citing *id.* The freedom of intimate association "stems from the necessity of protecting individuals' ability 'to enter into and maintain certain intimate human relationships [that] must be secured

against undue intrusion by the State because of the role of such relationships in safeguarding the individual freedom that is central to our constitutional scheme.'" *Johnson,* 310 F.3d at 498–99 (quoting *Roberts,* 468 U.S. at 617–18).

Freedom of expressive association includes "a right to associate for the purpose of engaging in those activities protected by the First Amendment – speech, assembly, petition for the redress of grievances, and the exercise of religion. The Constitution guarantees freedom of association of this kind as an indispensable means of preserving other individual liberties." *Martin*, 2010 WL 4256030, at *4, quoting *Roberts,* 468 U.S. at 618.

It is not clear whether Ealom asserts a freedom of intimate association or freedom of expressive association claim, but either way, his claim fails. Courts use a three-step process to analyze an expressive association claim. *Miller v. City of Cincinnati*, 622 F.3d 524, 538 (6th Cir. 2010) "The first determination is whether a group is entitled to protection." *Id*. The second step is whether the government action in question "significantly burden[s]" the group's expression, affording deference "to an association's view of what would impair its expression." *Id*. "Lastly, the government's interest in any restriction must be weighed against plaintiff's right of expressive association." *Id*.

Here, Ealom failed to present evidence in support of his freedom of expressive association claim. First, there is no evidence that he is part of a group entitled to protection. Second, even if he was part of a group entitled to protection, he has offered no evidence that the government burdened the group's

12

expression. Again, the burden falls upon Ealom to "designate specific facts or evidence in dispute". *Anderson,* 477 U.S. at 249-50. Ealom's freedom of expressive association claim fails as a matter of law.

In freedom of intimate association claims, the types of personal relationships that qualify for constitutional protection "attend the creation and sustenance of a family" including marriage, childbirth, raising and educating children, and cohabitation with relatives. *U.S. Citizens Ass'n v. Sebelius*, 705 F.3d 588, 598 (6th Cir. 2013), citing *Roberts*, 468 U.S. at 619; *Johnson,* 310 F.3d at 499. "In addition, courts have extended protection to personal friendships and non-marital romantic relationships." *Id*. citing *Anderson v. City of LaVergne,* 371 F.3d 879, 882 (6th Cir.2004). "These kinds of personal relationships are characterized by 'such attributes as relative smallness, a high degree of selectivity in decisions to begin and maintain the affiliation, and seclusion from others in critical aspects of the relationship.'" *Id*., quoting *Roberts,* 468 U.S. at 620, 104 S.Ct. 3244. The purpose of the right to intimate association is to protect "those relationships . . . that presuppose deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctly

personal aspects of one's life." *Id.*, quoting *Anderson,* 371 F.3d at 881–82 (internal quotation marks omitted).

Again, Ealom failed to present evidence in support of his freedom of intimate association claim. He has offered no evidence of personal relationships that were infringed. *See U.S. Citizens Ass'n*, 705 F.3d at 599. Therefore, Ealom's freedom of intimate association claim fails as a matter of law.

The Court GRANTS UCPD Defendants' Motion for Summary Judgment as to the freedom of association claim.

### 3. Respondeat Superior

The UCPD Defendants argue they cannot be held liable under a respondeat superior theory as a matter of law because a police department cannot be held liable for the acts of its police officers in a Section 1983 action, and Ealom failed to demonstrate that a supervisor, or the police department in general, condoned any misconduct. (Doc. No. 20-1, at 4-5.) Ealom agrees the UCPD Defendants are entitled to summary judgment on Count Three, his respondeat superior claim. (Doc. No. 29, at 10.) Therefore, the UCPD Defendants' Motion for Summary Judgment as to Count Three is GRANTED.

### 4. State Law Malicious Prosecution

Ealom's Complaint does not specify whether Count One (Malicious Prosecution) is brought pursuant to state or federal law. (See Doc. No. 1—3, at pp. 6-7.) The UCPD Defendants assumed it was a malicious prosecution claim pursuant to Section 1983. (Doc. No. 20-1, at 5.) The UCPD Defendants assert Ealom's malicious prosecution claim fails because there was probable cause for each charge and the grand jury indictment conclusively establishes probable cause. (*Id.*, at 5-8.) In his Brief in Opposition, Ealom details each of the counts Ealom was charged with and explains that he could not have committed each of the

14

crimes. (Doc. No. 29, at 3-7.) He cites *King v. Harwood*, 852 F.3d 568 (6th Cir.2017) for the proposition that a grand jury indictment is not dispositive of the issue of probable cause. (*Id*. at p. 7.) In their Reply Brief, the UCPD Defendants argue Ealom cannot prevail on a malicious prosecution claim, whether asserted pursuant to federal or state law, because probable cause existed for his arrest, and because Ealom failed to provide cited evidence to support his contentions. (Doc. No. 32-1 at p. 4.)

Under Ohio law, the tort of malicious prosecution requires proof of three essential elements: "'(1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused.'" *Ghaster v. Rocky River*, 2013-Ohio-5587, 2013 WL 6730925, n.2 (8th Dist.); *Froehlich v. Ohio Dept. of Mental Health,* 114 Ohio St.3d 286, 871 N.E.2d 1159, 2007–Ohio–4161, 871 N.E.3d 1159, quoting *Trussell v. Gen. Motors Corp.,* 53 Ohio St.3d 142, 146, 559 N.E.2d 732 (1990). "[A]n indictment returned by a [g]rand [j]ury constitutes prima facie evidence of probable cause under Ohio law." *State v. Cremeans*, 2005-Ohio-928, 2, ¶ 10, 160 Ohio App. 3d 1, 4, 825 N.E.2d 1124, 1126, citing *State v. Nixon*, Lorain App. Nos. 00CA007638 and 00CA007624, 2001 WL 422885 (Apr. 25, 2001), quoting *Inmates' Councilmatic Voice v. Rogers*, 541 F.2d 633, 635 (C.A.6, 1976).

In this case, probable cause is conclusively established by the grand jury indictment. Ealom's reliance on *King,* the only case he cites to dispute the issue of probable cause, is misplaced, as discussed above. (See *supra* pp. 11-12.) Ealom's state law malicious prosecution claim fails as a matter of law.

15

Therefore, the Court GRANTS UCPD Defendants' Motion for Summary Judgment on the malicious prosecution claim.

## IV.     CONCLUSION

For all the reasons set forth above, the Court GRANTS the UCPD Defendants' Motion for Summary Judgment and dismisses all claims with prejudice.


Date:  August 22, 2025                            *s/ Jonathan Greenberg*
                                                               Jonathan D. Greenberg
                                                               United States Magistrate Judge